*E. Dumont*, for the appellant.

---

WALLACE and Another *v.* THE STATE.

Indictments for misdemeanors within section 68, p. 975, R. S. 1843, were required to be prosecuted within one year from their commission.

Indictment, under section 68, p. 975, R. S. 1843, for keeping a tippling house. The Court, at the trial, instructed the jury that if the defendants sold spirituous liquor on the sabbath, they might consider that fact in aggravation of the damages. At the time of the offence charged, section 124, c. 53, R. S. 1843, provided a penalty for selling spirituous liquors on *Sunday*. *Held,* that the instruction was, therefore, erroneous.

APPEAL from the *Fulton* Circuit Court.

HOVEY, J.— *William Wallace* and *James Wallace* were indicted under section 68, p. 975, R. S. 1843, for keeping a grocery without license, in a disorderly manner, from the

15th of *March*, 1851, to the 15th of *April*, 1852.    Trial by jury, verdict of guilty, and each fined 30 dollars.    Motion for a new trial overruled, and judgment on the verdict.

Several witnesses were examined, some of whom testified that the house was kept in a disorderly manner during the time named in the indictment.    Other witnesses testified that they frequently visited the house, and neither saw nor heard of any disorder or confusion about it.    With the conflicting state of the evidence, we would be disposed to leave the case where the jury left it, were it not for the fact that the indictment includes fifteen days' time, during which the defendants could not be found guilty, and the testimony, for aught the record shows, would apply as properly to those fifteen days, as to the year succeeding.    Misdemeanors, of the class to which this belongs, must be prosecuted within one year from the date of the commission.    R. S. 1843, s. 3, p. 986.

In the first instruction given by the Court, the jury were told, that "if the defendants kept a tippling house, in a disorderly manner, between the 15th of *April*, 1851, and the 15th of *April*, 1852, to the disturbance of a portion of the citizens living in the vicinity of the house, they should find the defendants guilty."

Under the evidence, this instruction was not objectionable.    It confined the commission of the offence within one year, but in the third instruction, the Court enlarged the time, and said "if the defendants did, during the time specified in the indictment, keep," &c., they should be found guilty.    The first instruction does not qualify the meaning of the third; the first requires the jury to inquire how the house was kept for one year, but the third enlarges the time to one year and fifteen days, and is, therefore, erroneous.

The Court instructed the jury, that if the defendants sold spirituous liquor on the sabbath, they might consider that fact in aggravation of damages.    At the time of the offence charged in the indictment, the 124th section of of the 53d chapter R. S. 1843, provided a penalty for selling spirituous liquors on *Sunday*.    This instruction was there-

fore erroneous.  If such evidence should be allowed, the defendant might be twice punished for the same offence.

*Per Curiam.*— The judgment is reversed.  Cause remanded, &c.

*D. D. Pratt*, for the appellants.

*R. A. Riley, N. B. Taylor*, and *J. Coburn*, for the state.